UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CIVIL RIGHTS
AMENDED COMPLAINT

LOUIS H. MARSEILLE

-AGAINST-                              CASE NO.   '06 CIV 12884
                                                  ROBINSON
ROCKLAND BAKERY and, ANGELO BATTAGLIA,             "ECF CASE"
AND ANTHONY BATTAGLIA
94 DEMAREST MILL ROAD
NANUET, NY 10954

COUNT ONE

1.  Plaintiff, Louis Marseille, ("Marseille") is an individual residing at 69 Gerow Avenue, Spring Valley, NY 10977 and has been a resident of New York for all relevant times.

2.  Marseille is a Black U.S Citizen and originally from Haiti.

3.  Defendant Rockland Bakery is a corporation incorporated under the laws of the State of New York located at 94 Demarest Mill Road Nanuet, NY 10954..

4.  Upon information and belief, Defendant Angelo Battaglia is an individual residing in the State of New York.

5.  Upon information and belief Defendant Anthony Battaglia is an individual residing in the State of New York.

6.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §§ 2000e-5(f). Equitable and other relief is sought under 42 U.S.C. §§ 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C.§§ 1981a, and 1986.

7.      Marseille was employed at the above named Defendant's work site since 1977, first, as a machine operator, then as a Mixer. Marseille has been a Mixer since 1979 and, upon information and belief, has performed his job in a satisfactory manner. In or about 1987 the current owner Angelo Battaglia became the new President.

9.      Marseille is a member of AFL-CIO Local #3 of the Bakery, Confectionery, Tobacco Workers and Grain Millers International Union ("Union") which Local represents all the Laborer grade workers in the Rockland Bakery pursuant to the Collective Bargaining Agreement between the Rockland Bakery and the Union.

10.     Upon information and belief, at that time, Defendant had approximately thirty (30) to thirty-five (35) employees that had similar roles to Plaintiff, that of production, of which approximately thirty-three (33), or the vast majority were Black, and two (2) were Hispanic. Gradually, the make up of this production staff changed to the current level whereby Defendant has just ten (10) Black employees and approximately sixty (60) non-black employees.

11.     Upon information and belief, there are just four (4) employees who have remained since Defendant purchased, in 1987. One (1) Jamaican packer with twenty-eight (28) years of employment and three (3) Haitian employees. One of the Haitian employees is also a Mixer with a little more than sixteen (16) years of employment. Plaintiff has approximately twenty-six (26) years of employment, and a Haitian Machine operator has approximately twenty-four (24) years of employment.

12.     During the course of Marseille's employment, upon information and belief, Marseille observed what he determined to be acts of discriminatory and differential treatment of the Haitian employees, inclusive of himself, at the Rockland Bakery by the Managers and, particularly, by Anthony Battaglia and Angelo Battaglia.

13.     Marseille alleges that Defendant denies the Black Haitian Employees equal terms, conditions and privileges of employment and treats the Black Haitian employees in a

differential, hostile and intimidating manner, unlike Defendant's treatment of its employees who are not Black and Haitian, in an attempt to force resignations.

14. Upon information and believe, in or about October of 2002, the Defendant indicated that Mixers and other production staff, had to remove Jewelry while working in the bakery.

15. However, upon information and belief, Defendant has not enforced this policy with anyone other than the Black Haitian employees because of their race and national origin. Because of this, Plaintiff had his wedding ring and a gold chain stolen at Defendant's work place.

16. Upon information and believe, Defendant ignores the medical directions from doctors and withholds information regarding family emergencies.

17. Marseille asserts that Defendants treat the Black Haitian employees this way because of race and national origin.

18. On or about April 2000 Marseille was injured on the job. His hand was severely crushed by one of the mixing machines. Defendant forced Marseille to continue his normal duties in disregard of numerous medical notes indicate the need for light duty.

19. On or about January 22, 2003, Marseille's wife was rushed to the Good Samaritan Hospital Emergency room. Although a close friend tried repeatedly to contact Marseille at work, the Defendant informed the caller that he was too busy to take the call.

20. Defendant was informed of the emergency nature of the call, nonetheless, Marseille was not informed of his wife's illness until he reached home that evening.

21. On or about April 25, 1988 Marseille was threatened by a knife, assaulted by Defendant and physically manhandle by both Angelo Battaglia and Anthony Battaglia.

22. Marseille charges the Defendant with violating Title VII of the Civil Rights ACT of 1964, as amended (covers race, color, creed, national origin, sex relating to employment).

23. On or about January 24 2003, Marseille provided a written affidavit in witness to his complaint to the State of New York Sate Division of Human Rights ("DHR").

24. Marseille has been and continues to be, for all relevant times, subjected to a number of physical assaults and unjustified verbal warnings by Defendants.

25. On or about January 24, 2003, Marseille filed a complaint before the DHR and EEOC.

26. On or about August 8, 2006, Marseille received a Right to Sue Letter from the EEOC.

27. Upon information and belief, Marseille has a property interest in his employment upon terms and conditions which are non-discriminatory and non-retaliatory.

28. The Managers/Owners have discriminated and retaliated against Marseille in the terms and conditions of employment solely based on his race, color. The Defendants actions constitute a violation of 42 U.S.C. § 1981.

29. As a result of the Defendants' actions discrimination and retaliation against Marseille, Marseille has suffered financial and emotional distress.

### COUNT TWO

30. The allegations of paragraphs 1 through 30 of the First Count are hereby incorporated by reference and realleged as the allegations of paragraph 31 of the Second Count.

31. The Defendant's have discriminated and retaliated against Marseille in the terms and conditions of employment solely based on his race, color and for providing support to

employees in pursuit of their legal rights. The Defendants' actions constitute a violation of 42 U.S.C. 2000e et

seq.

32. As a result of the Defendant' discrimination and retaliation against Marseille, Marseille has suffered financial and emotional loss. The Defendants actions of repeated incidents of physically assaultive behavior have left Mt. Marseille in a mentally depressed state.

### COUNT THREE

33. The allegations of paragraphs 1 through 32 of the First Count are hereby incorporated by reference and realleged as the allegations of paragraph 34 of the Third Count.

34. Management had and has established and maintained policies, practices, procedures and/or customs of establishing, implementing, applying, enforcing and reviewing personnel and employment policies, decisions and procedures, and recommending, determining, and executing remedial and/or corrective actions and issue directives based upon or influenced by the race, color, sex, age and for providing support to employees in pursuit of their legal rights as well as maintaining a pattern, practice and/or custom of retaliation directed towards other employees who complain or provide support for other employees subjected to such discriminatory policies, practices, procedures and customs.

35. Particularly, the Defendants, individually and collectively, have violated Marseille's right to engage in protected speech by retaliating against him for providing support to minority employees. Marseille's speech related to a matter of public concern addressing illegal discriminatory practices.

36. The Defendants in their deprivation of Mr. Marseille's right to engage in protected speech have acted under the color of law pursuant to their office to suppress, inhibit and deprive Marseille of his right to protected speech in violation of 42 U.S.C. §§ 2000e, et seq. and 42 U.S.C.§§ 1981.

38.     As a result of Defendants' discrimination and retaliation against Marseille he has suffered financial and emotional loss.

## COUNT FOUR

39.     The allegations of paragraphs 1 through 38 of the First Count are hereby incorporated by reference and realleged as the allegations of paragraph 39 of the Fourth Count.

40.     The Defendants have subjected Marseille to harassing and retaliatory treatment in the terms and conditions of his employment so as to offend common notions of fundamental fairness by exhibiting a deliberate indifference to his complaints of discrimination, and retaliation in response to his support for his minority co-workers who were discriminated against, and by physically assaulting him in violation of the Due Process Clause of the 14th Amendment of the United States Constitution in violation of 42 U.S.C. § 1981 and 2000e, et seq.

41.     As a result of the Defendants' discrimination against Marseille, Marseille has suffered financial and emotional loss.

## PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

42.     Marseille has never begun a lawsuit in state or federal court dealing with the same facts involved in this action.

## REQUEST FOR RELIEF

WHEREFORE, judgment is demanded in favor of the plaintiff and against the defendants in the sum of TWO MILLION ($2,000,000.00) DOLLARS, together with the costs and disbursements of this action.

## JURY DEMAND

Plaintiff requests a jury trial.

*[signature]*

Jerrold W. Miles, Esq.
The Law Offices Of Jerrold W. Miles, LLC
14 North Main Street Ste. 103
Spring Valley, NY 10977
845-352-3975
Email: JMiles2108@aol.com

*[signature]*

Louis Marseille, Plaintiff
69 Gerow Avenue
Spring Valley, NY 10977
845-406-0783

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. ss1746; 18 U.S.C. ss1621.

EXECUTED AT Spring Valley, New York on November 1, 2006.

_____
Plaintiff's Signature